UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:08-CV-121-R

| | |
|---|---|
| IN RE: | |
| LWD, INC., et al. | CHAPTER 11<br>CASE NO. 03-51021<br>(Jointly Administered) |
| | DEBTORS |
| ROBERT KATTULA and MARIA KATTULA | APPELLANTS |
| v. | |
| REPUBLIC BANK; VARNUM, RIDDERING,<br>SCHMIDT & HOWLETT, LLP; and PETER<br>LEMMER | APPELLEES |

## MEMORANDUM OPINION

This matter is before the Court on appeal from the United States Bankruptcy Court for the Western District of Kentucky. Appellants, Robert and Maria Kattula, appeal the bankruptcy court's order denying their Motion for Contempt (Docket #6). Appellees, Republic Bank, Varnum, Riddering, Schmidt & Howlett, LLP, and Peter Lemmer, filed a brief in response (Docket #8). No reply brief was filed. This matter is now ripe for adjudication.

## BACKGROUND

This case arises from the bankruptcies of several related companies: LWD, Inc.; LWD Field Services, Inc.; LWD Land Company, Inc.; LWD Equipment, Inc.; LWD Trucking, Inc.; LWD Sanitary Landfill, Inc. (collectively "LWD, Inc."); and General Environmental Services, LLC ("GES").

1

Robert and Maria Kattula (the "Kattulas"), individually and through various companies owned and operated by them, maintained numerous deposit accounts with Republic Bank. One of these accounts was held by GES. In June 2003, GES deposited a check in the amount of $46,662.35 to its account at Republic Bank. The check was issued by International Speciality Products and was payable to the law firm of Weil, Gotshal & Manges. Two months later, in August 2003, GES closed its account with Republic Bank. One month later, in September 2003, GES voluntarily filed for bankruptcy.

On January 27, 2004, the bankruptcy court ordered the Debtors to sell substantially all their assets pursuant to 11 U.S.C. § 363. At an auction held on March 9, 2004, K&B Capital, LLC, a business owned by the Kattulas, successfully bid for the Debtors' assets. The bankruptcy court then held a hearing regarding the sale. On March 23, 2004, the bankruptcy court issued an order (the "Final Sale Order") authorizing the sale of the Debtors' property.

In December 2004, Republic Bank was notified that the endorsement of the Weil, Gotshal & Manges check was improper. In February 2006, the Kattulas filed a lawsuit against Republic Bank in Michigan circuit court, seeking recovery of losses allegedly sustained during monetary transfers among the Kattulas' numerous bank accounts. Republic Bank filed a counterclaim and cross-claim for recovery of the improperly endorsed check.

Thereafter, the Kattulas failed to respond to Republic Bank's discovery requests. Republic Bank then moved to compel discovery. The Michigan court ordered the Kattulas to fully comply with the discovery request within seven days, or "they would be barred from testifying at trial and the Court would enter a dismissal of all their claims." The Kattulas did not respond to the discovery requests. Therefore, on November 1, 2006, the Michigan court

dismissed all of the Kattulas' claims against Republic Bank.

Republic Bank then filed a motion for entry of judgment on December 26, 2006. The Kattulas responded, arguing that Republic Bank's claims against them were "released" by operation of the bankruptcy court's Final Sale Order. At a hearing on February 7, 2007, the Michigan court rejected the Kattulas' argument. The court found that the Kattulas and K&B Capital, LLC were alter egos of GES and therefore could be held personally liable for the debt owed to Republic Bank. The court's decision has since been affirmed on appeal.

Republic Bank has sought to collect its judgment against the Kattulas through garnishments and other collection activities. In response, the Kattulas moved the bankruptcy court to enter an order of contempt against Republic Bank, its attorneys, the law firm of Varnum, Riddering, Schmidt & Howlett, LLP (hereinafter "VRSH"), and Peter Lemmer, a Republic Bank loan officer, arguing that the bankruptcy court's Final Sale Order permanently enjoined them from pursuing an action against the Kattulas. In its May 27, 2008 Order, the bankruptcy court held that the Kattulas had failed to show by clear and convincing evidence that Republic Bank, VRSH, and Lemmer had violated the Final Sale Order.

The Kattulas now appeal the bankruptcy court's May 27, 2008 Order. They request that the Court reverse and remand this matter to the bankruptcy court to enter an order (1) holding Republic Bank and VRSH in contempt of the bankruptcy court's Final Sale Order pursuant to 11 U.S.C. §§ 363(b), (f) and (m) and 11 U.S.C. § 1146(c); (2) compelling Republic Bank and VRSH to cease all collection efforts; (3) compelling Republic Bank to release and discharge all judgment liens against the Kattulas; and (4) compelling Republic Bank to consent to an entry of an order of the Michigan Court of Appeals vacating the judgment in favor of Republic Bank.

The Kattulas have abandoned their claims against Peter Lemmer.

## STANDARD

A district court reviews a bankruptcy court's decision regarding a motion for contempt under an abuse of discretion standard. *Thomasville Furniture Indus., Inc. v. Elder-Beerman Stores, Corp.*, 250 B.R. 609, 619 (S.D. Ohio 1998) (citing *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 721 (6th Cir. 1996)). An abuse of discretion is defined as a "definite and firm conviction that the [court below] committed a clear error of judgment." *In re M.J. Waterman & Associates, Inc.*, 227 F.3d 604, 607-08 (6th Cir. 2000) (citing *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 770 (6th Cir.1999)). The bankruptcy court makes initial determinations of fact and law, and then the district court, acting as an appellate court, reviews the bankruptcy court's findings of fact for clear error and conclusions of law *de novo*. *In re Baker & Getty Financial Services, Inc.*, 106 F.3d 1255, 1259 (6th Cir. 1997). The district court does not consider "how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *In re M.J. Waterman & Associates, Inc.*, 227 F.3d at 608.

## DISCUSSION

For Republic Bank and VRSH to be held in contempt, the Kattulas must prove by clear and convincing evidence that they violated the bankruptcy court's Final Sale Order. *Glover v. Johnson*, 138 F.3d 229, 244 (6th Cir. 1998). The evidence must show (1) that Republic Bank and VRSH violated a "definite and specific order of the court requiring [them] to perform or refrain from performing a particular act or acts with knowledge of the court's order" and (2) that

the prior order was "clear and unambiguous." *Liberte Capital Group, LLC v. Capwill*, 462 F.3d 543, 550 (6th Cir. 2006) (citing *Glover v. Johnson*, 934 F.2d 703, 707 (6th Cir.1991)). Ambiguities in the Final Sale Order are to be resolved in favor of Republic Bank and VRSH. *Id.* at 551.  Once a prima facie showing of a violation has been made, the burden of production shifts to Republic Bank and VRSH to show ability to comply.  *Hicks on Behalf of Feiock v. Feiock*, 485 U.S. 624, 645-646 (1988).

The Kattulas contends that two provisions of the Final Sale Order, paragraphs K and 4, enjoin Republic Bank and VRSH from seeking a judgment against them.  Paragraph K provides:

> The debtors may sell the Property free and clear of all liens (including, without limitation, mechanics', materialmens' and other consensual and non-consensual liens and statutory liens), security interests, easements, encumbrances and claims (as defined in section 101(5) of the Bankruptcy Code), reclamation claims, mortgages, pledges, restrictions, hypothecations, charges, indentures, loan agreements, instruments, leases, licenses, options, rights of first refusal, contracts, offsets, recoupment, rights of recovery, judgments, orders, claims for reimbursement, contribution, indemnity or exoneration, and decrees of any Court or foreign or domestic governmental entity, interests, products liability, alter-ego, environmental, successor liability, tax and other liabilities and claims, to the fullest extent of the law, in each case whether secured or unsecured, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or noncontingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, or known or unknown, whether arising prior to, on, or subsequent to the Petition Date, whether imposed by agreement, understanding, law, equity or otherwise (collectively, the "Liens and Claims") because, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. All (I) holders of Liens and Claims and (ii) all parties who did not object to the Auction are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.

Paragraph 4 provides:

> Upon consummation of the sale of the Non-Incinerator Property and the sale of the Incinerator Property, respectively, all parties and/or entities asserting Liens and Claims against the Non-Incinerator Property or the Incinerator Property, as the case may be, shall be permanently enjoined and precluded from: (I) pursuing

>such Liens and Claims against such property; (ii) asserting, commencing or continuing in any manner any action against K & B or PADS, as the case may be, or any of its subsidiaries or affiliates, directors, officers, agents, representatives or employees, or any lender to or investor in the foregoing entities (collectively, the "Protected Parties") or against any Protected Party's assets or properties on account of such Liens and Claims; (iii) the enforcement, attachment, collection or recovery, by any manner or means, or any judgment, award or decree of order against the Protected Parties or any assets or properties of the Protected Parties on account of such Liens and Claims; (iv) creating, perfecting or enforcing any encumbrance of any kind against the Protected Parties or any properties or assets of the Protected Parties on account of such Liens and Claims; (v) asserting any set off, right of subrogation or recoupment of any kind against any obligations due to the Protected Parties on account of such Liens and Claims; and (vi) any action, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of this Order.

These two provisions define the "Liens and Claims" upon which a creditor may not take action "on account of such Liens and Claims."

The Kattulas contend that Republic Bank is the holder of a lien and claim within the meaning of paragraph K of the Final Sale Order since Republic Bank seeks a pre-petition right of recovery against GES. Thus, the collection efforts of Republic Bank and VRSH must be enjoined under the terms of Paragraph 4 of the Final Sale Order since they are "on account of" Republic Bank's lien and claim. In response, Republic Bank argues that its claim is not against the "Non-Incinerator Property" or "Incinerator Property" of the Final Sale Order, but rather is a personal claim directed against the Kattulas for their involvement in the wrongful conversion of an improperly endorsed check. Republic Bank and VRSH also argue that the bankruptcy court has no authority to waive or void personal claims under 11 U.S.C. § 363.

In its May 27, 2008 Order, the bankruptcy court concluded that, as a matter of law, the Kattulas could not show that the Final Sale Order protected them from Republic Bank's claim. The court reached this conclusion based on two findings. First, the court found that the Final

Sale Order on its face applies only to property claims and therefore does not waive or enjoin enforcement of purely personal claims. Second, the court found that it had no power under 11 U.S.C. § 363 to enjoin the enforcement of claims unrelated to the property of the Debtors' estate since § 363(f) applies only to specific "interests" in estate property.

The Court finds that the bankruptcy court did not err when it held that the Kattulas could not show by clear and convincing evidence that Republic Bank and VRSH violated the Final Sale Order. The Michigan circuit court specifically held that the Kattulas were personally liable based upon an "alter ego" theory of liability separate and distinct from the property claims asserted in GES' bankruptcy proceeding. The language of paragraph 4 of the Final Sale Order clearly applies only to estate property, namely the "Non-Incinerator Property" or "Incinerator Property," and does not contemplate protection against personal liability claims. Because only "Liens and Claims against the Non-Incinerator Property or the Incinerator Property, as the case may be, shall be permanently enjoined and precluded" under the Final Sale Order, the Kattulas cannot show that Republic Bank and VRSH violated the Final Sale Order when they sought the collection of a personal claim.

Had the language of the Final Sale Order been ambiguous or purported to enjoin personal claims, the Kattulas still would have been unable to show that Republic Bank and VRSH violated the Final Sale Order. Section 363(f) of the Bankruptcy Code provides that property can be sold "free and clear of any interest in such property." 11 U.S.C. § 363(f). However, the Sixth Circuit has noted that not all interests falls within the scope of § 363(f). *See In re Wolverine Radio Co.*, 930 F.2d 1132, 1147 n. 23 (6th Cir. 1991) (general unsecured interests do not fall within the scope of § 363(f)). Republic Bank argues that its claim against the Kattulas is based

7

upon the Kattulas' personal conduct, and does not depend on a lien or any specific interest in the estate property. Therefore, Republic Bank argues that its interest does not fall within the scope of § 363(f). The Michigan Court of Appeals reached a similar conclusion in regard to the state court litigation. *See Kattula v. Republic Bank*, No. 279474, 2008 WL 4604076 at *1 (Mich. Ct. App. Oct. 7, 2008). The Kattulas having cited no legal authority to the contrary, the Court finds that the bankruptcy court did not err when it concluded that it had no power under § 363 to enjoin the enforcement of Republic Bank's personal claim.

## CONCLUSION

For the above reasons, the Court **AFFIRMS** the bankruptcy court's May 27, 2008 Order.

An appropriate order shall follow.